D. John Ashby, ISB No. 7228
Tayler Tibbitts, ISB No. 9212
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5200
Email: jashby@hawleytroxell.com
       ttibbitts@hawleytroxell.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| US ECOLOGY IDAHO, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENVIRONMENTAL CHEMICAL CORPORATION, a Kentucky corporation,<br><br>Defendant. | Case No. 1:15-CV-338<br>**ANSWER** |

COMES NOW Defendant Environmental Chemical Corporation ("ECC"), by and through its attorneys of record, Hawley Troxell Ennis & Hawley LLP, and in answer to the Complaint and Demand for Jury Trial ("Complaint"), admits, denies, and alleges as follows:

### I. GENERAL DENIAL

ECC denies each and every allegation in the Complaint not herein expressly admitted.

## II. SPECIFIC ADMISSIONS AND DENIALS

1. ECC is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

2. ECC admits ECC is a general business corporation incorporated under the laws of the state of Kentucky. ECC specifically denies the remaining allegation in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, ECC denies them.

4. The allegations contained in Paragraph 4 of the Complaint state conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, ECC denies them.

5. ECC incorporates its responses to Paragraphs 1 through 4 of the Complaint above as if set forth herein in their entirety.

6. ECC admits the allegation contained in Paragraph 6 of the Complaint to the extent supported by the document cited, which is the best evidence of its contents. ECC otherwise denies Paragraph 6's allegation.

7. ECC admits the allegation contained in Paragraph 7 of the Complaint to the extent supported by the document cited, which is the best evidence of its contents. ECC otherwise denies Paragraph 7's allegation.

8. ECC admits the allegation contained in Paragraph 8 of the Complaint to the extent supported by the document cited, which is the best evidence of its contents. ECC otherwise denies Paragraph 8's allegation.

9. ECC admits the allegation contained in Paragraph 9 of the Complaint to the extent supported by the documents cited, which is the best evidence of their contents. ECC otherwise denies Paragraph 9's allegation.

10. As to the first sentence of Paragraph 10 of the Complaint, ECC admits it bids on and receives awards from the federal government, which require ECC to exhume, transport, and store certain waste material. ECC admits the remaining allegation contained in Paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents. ECC otherwise denies Paragraph 10's allegation.

11. ECC denies the allegations contained in Paragraph 11 of the Complaint.

12. ECC admits the allegations contained in Paragraph 12 to the extent supported by the documents cited, which is the best evidence of their contents. ECC otherwise denies Paragraph 12's allegations.

13. ECC lacks sufficient knowledge or information to form belief as to the truth of the allegations in Paragraph 13 of the Complaint, specifically with respect to what is meant by "certain invoices," and on this basis denies the same.

14. ECC admits the allegations contained in Paragraph 14 of the Complaint to the extent supported by the documents cited, which is the best evidence of their contents. ECC otherwise denies Paragraph 14's allegations.

15. ECC admits the allegations contained in Paragraph 15 of the Complaint to the extent supported by the document cited, which is the best evidence of its contents. ECC otherwise is without knowledge or information sufficient to form belief as to the truth of the Paragraph 15's remaining allegations and on this basis denies the same.

16. ECC admits the allegations contained in Paragraph 16 of the Complaint to the extent supported by the document cited, which is the best evidence of its contents. ECC otherwise denies Paragraph 16's allegations.

17. ECC admits the allegation contained in Paragraph 17 of the Complaint to the extent supported by the document cited, which is the best evidence of its contents. ECC otherwise denies Paragraph 17's allegations.

18. ECC admits the allegations contained in Paragraph 18 of the Complaint to the extent supported by the document cited, which is the best evidence of its contents. ECC otherwise denies Paragraph 18's allegations.

19. ECC denies the allegations contained in Paragraph 19 of the Complaint.

20. ECC admits the allegations contained in Paragraph 20 of the Complaint to the extent supported by the document cited, which is the best evidence of its contents. ECC otherwise denies Paragraph 20's allegations.

21. ECC incorporates its responses to Paragraphs 1 through 20 of the Complaint above as if set forth herein in their entirety.

22. ECC admits the allegations contained in Paragraph 22 of the Complaint to the extent supported by the documents cited, which is the best evidence of their contents. ECC otherwise denies Paragraph 22's allegations.

23. The allegations contained in Paragraph 23 of the Complaint state conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, ECC denies them.

24. The allegations contained in Paragraph 24 of the Complaint state conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, ECC

is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and, therefore, denies the same.

25. The allegations contained in Paragraph 25 of the Complaint state conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, ECC denies them.

26. ECC incorporates its responses to Paragraphs 1 through 25 of the Complaint above as if set forth herein in their entirety.

27. The allegations contained in Paragraph 27 of the Complaint state conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, ECC denies them.

28. The allegation contained in Paragraph 28 of the Complaint state conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies them.

29. ECC incorporates its responses to Paragraphs 1 through 28 of the Complaint above as if set forth herein in their entirety.

30. ECC admits the allegation contained in Paragraph 30 of the Complaint to the extent supported by the documents cited, which is the best evidence of their contents. ECC otherwise denies Paragraph 30's allegation.

31. ECC denies the allegations contained in Paragraph 31 of the Complaint.

32. The allegation contained in Paragraph 32 of the Complaint state conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies them.

33. The allegations contained in Paragraph 33 of the Complaint state conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, ECC denies them.

34. ECC incorporates its responses to Paragraphs 1 through 33 of the Complaint above as if set forth herein in their entirety.

35. The allegation contained in Paragraph 35 of the Complaint states conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

36. ECC admits the allegation contained in Paragraph 36 of the Complaint to the extent supported by the documents cited, which is the best evidence of their contents. ECC otherwise denies Paragraph 36's allegation.

37. ECC admits the allegation contained in Paragraph 37 of the Complaint to the extent supported by the documents cited, which is the best evidence of their contents. ECC otherwise denies Paragraph 37's allegation.

38. ECC is without knowledge or information sufficient to form a belief as to the allegation in Paragraph 38 of the Complaint and, therefore, denies the same.

39. The allegation contained in Paragraph 39 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

40. The allegation contained in Paragraph 40 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

41. ECC incorporates its responses to Paragraphs 1 through 40 of the Complaint above as if set forth herein in their entirety.

42. The allegation contained in Paragraph 42 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

43. The allegation contained in Paragraph 43 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

44. The allegations contained in Paragraph 44 of the Complaint state conclusions of law to which no response is required. To the extent the allegations may be deemed allegations of fact, ECC denies them.

45. The allegation contained in Paragraph 45 of the Complaint states conclusions of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, ECC denies it.

46. ECC denies the allegations contained in Paragraph 46 of the Complaint.

47. The allegation contained in Paragraph 47 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

48. The allegation contained in Paragraph 48 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

49. The allegation contained in Paragraph 49 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

50. ECC incorporates its responses to Paragraphs 1 through 48 of the Complaint above as if set forth herein in their entirety.

51. The allegation contained in Paragraph 51 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

52. The allegation contained in Paragraph 52 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

53. The allegations contained in Paragraph 53 of the Complaint state conclusions of law to which no response is required. To the extent the allegations may be deemed allegations of fact, ECC denies them.

54. The allegation contained in Paragraph 54 of the Complaint states conclusions of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, ECC denies it.

55. ECC denies the allegations contained in Paragraph 55 of the Complaint.

56. The allegation contained in Paragraph 56 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

57. The allegation contained in Paragraph 57 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

58. The allegation contained in Paragraph 58 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

59. ECC incorporates its responses to Paragraphs 1 through 58 of the Complaint above as if set forth herein in their entirety.

60. The allegation contained in Paragraph 60 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

61. The allegations contained in Paragraph 61 of the Complaint state a conclusion of law to which no response is required. To the extent the allegations may be deemed allegations of fact, ECC denies them.

62. The allegation contained in Paragraph 62 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

63. The allegation contained in Paragraph 63 of the Complaint states a conclusion of law to which no response is required. To the extent it may be deemed an allegation of fact, ECC denies it.

## III. RESPONSE TO REQUEST FOR ATTORNEY FEES AND PRAYER FOR RELIEF

The remainder of the complaint consists of a request for attorney fees and costs, a demand for jury trial, and the prayer for relief. These statements are legal conclusions to which no response is required.

## IV. AFFIRMATIVE DEFENSES

By pleading the following affirmative defenses, ECC does not concede that any of the matters covered by any of such defenses is to be proven by ECC. ECC reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish any alleged damages. For its separate, alternative and affirmative defenses, ECC pleads as follows:

1. The Complaint, in whole or in part, fails to state a claim against ECC upon which relief can be granted.

2. Plaintiff's claims fail by virtue of the plain language of the force majeure clause in the parties' Waste Transportation, Disposal, and Recycling Agreement.

3. Plaintiff's claims fail because the alleged harm was not caused by ECC.

4. Plaintiff's claims fail in whole or in part by ECC's payment of Plaintiff's invoices.

5. Plaintiff's claim for unjust enrichment and similar claims are barred by the economic loss rule to the extent that there exists an express contract between the parties.

6. Plaintiff's claims for relief are barred in whole or in part by the doctrine of unclean hands.

7. Plaintiff's claims are barred or reduced to the extent that Plaintiff failed to mitigate its alleged damages.

8. Plaintiff's claims are barred by the doctrine of equitable estoppel.

## V. PRAYER

WHEREFORE, ECC prays that US Ecology take nothing by its Complaint and that ECC be awarded reasonable attorney fees and costs pursuant to I.C. §§ 12-120, 12-121 and F.R.C.P. 54 and any other applicable rule or statute, and that the Court award such other and further relief as deemed just and proper.

DATED this 3rd day of September, 2015.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By: /s/ D. John Ashby
D. John Ashby, ISB No. 7228
Attorneys for Defendant

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 3rd day of September, 2015, I electronically filed the foregoing ANSWER with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Wade L. Woodard | wlw@andersenbanducci.com |
| Zachary S. Zollinger | zsz@andersenbanducci.com |

      */s/ D. John Ashby*
      D. John Ashby